**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2401
_____

DAN YAN WU,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-841-260)
Immigration Judge:  Honorable Donald Farlise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2013
Before:  FUENTES, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 10, 2013)
_____

OPINION
_____

PER CURIAM

        Dan Yan Wu, a native and citizen of China, petitions for review of a decision of

the Board of Immigration Appeals ("BIA") denying her motion to reopen her

immigration proceedings. For the reasons that follow, we will deny the petition for review.

In 2006, an Immigration Judge found Wu removable from the United States because she did not have valid entry and travel documents and because she was likely to become a public charge. The Immigration Judge also denied Wu's applications for asylum, withholding of removal, and relief under the Convention Against Torture. Wu, who was a Jehovah's Witness, claimed that she feared persecution based on her religion. The BIA dismissed Wu's appeal in 2008 and Wu did not seek judicial review.

In January 2013, Wu filed a motion to reopen her immigration proceedings in order to apply for asylum. Wu attested that in 2012 she began attending the Church of Grace to Fujianese. She stated that she fears she will be persecuted if removed to China because she will not attend a government-sanctioned church. Wu argued that, since her merits hearing, conditions in China have changed and there is increased persecution of Christians who attend unauthorized churches. The BIA denied relief and this petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the denial of a motion to reopen for abuse of discretion. Khan v. Att'y Gen., 691 F.3d 488, 495 (3d Cir. 2012). Under this standard, we will not disturb the BIA's decision unless it is arbitrary, irrational, or contrary to law. Id.

As recognized by the BIA, a motion to reopen must generally be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). There is no time limit, however, on the filing of a motion to reopen to apply for asylum or withholding of

removal "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered . . . ." Id. § 1229a(c)(7)(C)(ii). To the extent Wu's claim is based on a new religious practice or a change in her personal circumstances, she may file an asylum application beyond the 90-day statutory period only if she establishes changed country conditions. Liu v. Att'y Gen. 555 F.3d 145, 150 (3d Cir. 2009).

Wu does not dispute that her motion to reopen was filed more than 90 days after the final removal order in her case, but she contends that, contrary to the BIA's decision, she established changed conditions in China. She argues that the 2011 Annual Report by the China Aid Association reflects that cases of persecution in China have risen since 2006. She notes, for example, that the report states that the number of people persecuted increased from 665 in 2006 to 4322 in 2011.

In concluding that this report did not establish changed country conditions, the BIA explained that it appeared that China Aid's definition of persecution is broader than what constitutes persecution for purposes of asylum law. The BIA also stated that, even if there has been a rise in incidents of harm, the new evidence shows that there has been a rise in the number of Christians since Wu's last hearing, and that the evidence submitted at that hearing reflects that the number of Protestants was estimated to be growing at a rate of 600,000 a year. The BIA thus ruled that Wu had not shown that "she has a materially greater risk of persecution in China now than at the time of the last hearing." A.R. at 4.

3

Wu does not address the BIA's reasoning in her brief. The BIA's finding that China Aid's definition of persecution may be broader than the definition used for purposes of asylum is arguably supported by the tables in the report, which state that 4322 people were persecuted in 2011 but that less than one-third of that number were detained or abused. The BIA also correctly recognizes that the report does not take into account the reported growing population of Christians in China. Wu has not shown that the BIA's decision is arbitrary, irrational, or contrary to law.

Wu further argues that the BIA did not adequately consider the evidence she submitted in support of her motion to reopen. The BIA recognized that, in addition to the China Aid report, Wu submitted news articles and other reports about religion in China, but the BIA found that these documents addressed specific instances of harm, not a material change in conditions for Christians. Wu does not point to any evidence that the BIA did not address that establishes changed country conditions. She has not shown that the BIA abused its discretion.

Accordingly, we will deny the petition for review.